IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILY SOH FROEHLICH, | |
| Plaintiff, | No. CIV S-06-0810 DAD |
| v. | |
| MICHAEL O. LEAVITT, Secretary of the United States Department of Health and Human Services, | ORDER |
| Defendant. | |
| _____/ | |

        This matter came before the court on March 16, 2007 for hearing on defendant's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, to dismiss for failure to state a claim upon which relief may be granted. Julie Aguilar Rogado and Gary Smith appeared as counsel for the plaintiff. Assistant United States Attorney Kurt Didier appeared for the defendant. After oral argument, defendant's motion was taken under submission.

        With leave of court, both parties submitted supplemental letter briefing. Having heard oral argument and having considered all written materials submitted with respect to defendant's motion, the court finds that defendant's motion to dismiss for lack of subject matter jurisdiction should be granted in part and that plaintiff's first amended complaint should be dismissed without leave to amend a second time.

BACKGROUND

This case arises from a denial of Medicare coverage by plaintiff's health plan. An administrative law judge affirmed the denial, and the Medicare Appeals Council declined review of the administrative law judge's decision. On April 14, 2006, plaintiff commenced this action by filing a one-page pro se complaint against the Secretary of Health and Human Services. The court granted plaintiff's application to proceed in forma pauperis and issued a scheduling order. In due course, the United States Marshal served the pro se complaint on defendant. On October 13, 2006, defendant filed an answer and lodged the administrative record. Plaintiff subsequently obtained counsel. Pursuant to a stipulation and order filed on December 19, 2006, plaintiff filed her first amended complaint, and defendant was granted sixty days to respond. Defendant's timely motion to dismiss was filed on February 12, 2007 and has been fully briefed.

PLAINTIFF'S AMENDED COMPLAINT

Plaintiff alleges as follows: She is a 76-year-old Medicare beneficiary with advanced Parkinson's disease; she is enrolled in Health Net Seniority Plus, a Medicare program; in May 2005, plaintiff's physician determined that the Parkinson's disease was advancing more rapidly than normal due to plaintiff's inability to ingest sufficient food to maintain adequate nutrition; plaintiff's ability to eat is impeded by an absence of teeth in her lower jaw and by a deformity of the gum tissue that prevents the proper fitting of dentures; plaintiff's physician referred plaintiff to an oral surgeon to be evaluated for a procedure that would prepare the underlying gum tissue to permit the proper fitting of dentures; Health Net Seniority Plus denied coverage for the referral on the ground that the requested evaluation is a dental service not covered by Medicare; plaintiff appealed to the director of managed care at her treating facility; in accordance with Medicare procedures, the appeal was forwarded to the Maximus Center for Health Dispute Resolution ("CHDR") for reconsideration; the CHDR denied the oral surgery evaluation as a non-covered dental service; plaintiff requested a hearing before an administrative law judge ("ALJ"); in October 2005, plaintiff appeared by video-teleconference at a hearing

before an ALJ; at the hearing, plaintiff was represented by her husband, who is not an attorney; in November 2005, the ALJ upheld the denial of coverage on the ground that the service requested is a dental service not covered by Medicare; plaintiff requested review by the Medicare Appeals Council ("MAC"); the MAC declined review on February 23, 2006.

Plaintiff alleges that the decisions of the ALJ and the MAC were arbitrary, capricious, not supported by substantial evidence, and infused with reversible legal error. Plaintiff alleges that the legal errors include the ALJ's determination that the requested service is dental in nature, the ALJ's failure to consider substantial evidence in the record demonstrating that the requested procedure involves jaw surgery and is not dental in nature, and the MAC's failure to consider post-hearing evidence that the requested procedure involves evaluation for jaw or facial surgery. Plaintiff requests that the decision of the Secretary denying Medicare coverage for an oral surgery evaluation be reversed and that coverage for the service be provided or, in the alternative, that plaintiff's case be remanded for a new hearing in which plaintiff's claim is evaluated under appropriate standards and in accordance with proper procedure.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of a claim. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs., 594 F.2d 730, 733 (9th Cir. 1979). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Id. For such a motion, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a "speaking motion" is brought, the burden of proof is on the party asserting jurisdiction. Thornhill Publ'g Co., 594 F.2d at 733.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007). In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

Title XVIII of the Social Security Act of 1935, commonly referred to as the Medicare Act, "establishe[d] a federally subsidized health insurance program for elderly and disabled persons." Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 774 (9th Cir. 2000) (citing 42 U.S.C. § 1395). The Medicare Act contains multiple parts, including Part A, 42 U.S.C. §§ 1395c-1395i, which covers institutional health costs, such as hospital expenses; Part B, 42 U.S.C. §§ 1395j-1395w-4, which covers medical services provided directly to individuals on a fee-for-service basis, including physician services, medical supplies, and laboratory tests; and Part C, 42 U.S.C. § 1395w-21 to -28, which is known as the Medicare+Choice Program and allows beneficiaries to receive Part A and Part B services through managed care organizations. The present case involves Parts B and C of the Act.

Medicare programs are administered by the Department of Health and Human Services through the Centers for Medicare and Medicaid Services, a division of the Department that contracts with private contractors to administer payments and make coverage determinations for Medicare and Medicaid beneficiaries. 42 U.S.C. §§ 1395h, 1395u(a). An individual dissatisfied with a decision regarding Medicare benefits is entitled to administrative review at several levels and may be entitled to judicial review of the Secretary's final decision. 42 U.S.C. §§ 1395ff(b)(1), 1395w-22(g)(5).

Judicial review is contingent upon a final decision, which incorporates two elements: (1) presentment of a claim to the Secretary and (2) exhaustion of administrative remedies. Heckler v. Ringer, 466 U.S. 602, 615-17 (1984); Mathews v. Eldridge, 424 U.S. 319, 328-30 (1976); Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975); Kaiser v. Blue Cross of Calif., 347 F.3d 1107, 1115-16 (9th Cir. 2003); Linoz v. Heckler, 800 F.2d 871, 876 n.5 (9th Cir. 1986).

Here, it is undisputed that plaintiff presented a claim to the Secretary and exhausted administrative remedies on that claim. Defendant seeks dismissal of plaintiff's amended complaint for lack of subject matter jurisdiction on the grounds that plaintiff "has failed to establish her claim meets the $1,000.00 statutory amount in controversy threshold and because she failed to notify her HMO of this lawsuit." (Def.'s Mot. to Dismiss at 2 [ECF 20-1 at 3].)

After careful consideration of defendant's motion, plaintiff's opposition, the arguments of counsel at the hearing, and the parties' supplemental letter briefs, the court has determined that defendant's motion attacks the existence of subject matter jurisdiction in fact.[1]

---

[1] Defendant asserts in his reply brief that "the Secretary challenges jurisdiction 'facially,'" "all material allegations are assumed true," and "the court does not look beyond the face of the complaint to determine jurisdiction." (Def.'s Reply Br. at 4 [ECF 23 at 4].) These assertions are inconsistent with arguments made by defendant in his motion, at the hearing and in the reply itself. Defendant does not argue mere failure to allege notification; he argues that plaintiff failed to timely notify her HMO. (Id. at 1 [ECF 23 at 1].) Defendant does not argue that plaintiff merely failed to allege the amount in controversy; he argues that plaintiff "failed to allege, must less establish" the amount. (Id. at 1-2 [ECF 23 at 1-2].) If defendant's jurisdictional challenges were facial, the court would dismiss plaintiff's first amended complaint with leave to file a second amended complaint.

Accordingly, no presumption of truthfulness attaches to plaintiff's allegations, and the court is not restricted to the face of the pleadings. The court has considered the administrative record and the affidavit of plaintiff's counsel to resolve factual disputes concerning the existence of subject matter jurisdiction. The court is mindful that the burden of proof in this regard is on plaintiff.

I. <u>Notification Requirement</u>

Defendant's argument concerning notification arises from the language of 42 U.S.C. § 1395w-22(g), which describes the appeals available to an individual enrolled in a Medicare+Choice plan of a Medicare+Choice organization. When an enrollee in such a plan is dissatisfied with the denial of a health service and the amount in controversy is $100 or more, the enrollee is entitled to a hearing before the Secretary. 42 U.S.C. § 1395w-22(g)(5). The Secretary is required to make the HMO a party to the hearing. <u>Id.</u>

> If the amount in controversy is $1,000 or more, the individual or organization shall, **upon notifying the other party**, be entitled to judicial review of the Secretary's final decision as provided in section 405(g) of [Title 42], and both the individual and the organization shall be entitled to be parties to that judicial review.

<u>Id.</u> (emphasis added). In addition to the statute, defendant cites the following regulation:

> (b) Review of MAC decision. Any party, including the MA organization, may request judicial review **(upon notifying the other parties)** of the MAC decision if it is the final decision of CMS and the amount in controversy meets the threshold established in paragraph (a)(2) of this section.
>
> (c) How to request judicial review. In order to request judicial review, a party must file a civil action in a district court of the United States in accordance with section 205(g) of the Act. See part 405 of this chapter for a description of the procedures to follow in requesting judicial review.

42 C.F.R. § 422.612(b), (c) (emphasis added). Defendant has not cited any provision in Part 405 that describes how or when the dissatisfied individual or organization is to notify the other party of a request for judicial review. Relying on the statute and regulation set forth above, defendant contends that this court lacks subject matter jurisdiction because plaintiff failed to notify her health plan of this lawsuit.

Plaintiff concedes that, while proceeding pro se, she did not notify Health Net of her decision to request judicial review and did not notify Health Net after she filed this lawsuit. Plaintiff provides evidence that Health Net was notified of this lawsuit in March 2007. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 8; Aff. of Julie Aguilar Rogado in Supp. of Opp'n & Ex. 1.) In reply, defendant argues that plaintiff failed to timely notify "a requisite party." (Def.'s Reply Br. at 1.) The court's records reflect that Health Net, despite having been notified of this lawsuit, has not invoked its statutory entitlement to be a party to the judicial review requested by plaintiff.

Plaintiff argues that there is no evidence of congressional intent to elevate the statutory notification requirement to the level of a jurisdictional prerequisite, that the Secretary should be equitably estopped from seeking dismissal of her complaint for lack of notification, that the lack of notification has been cured, and that neither the Secretary nor Health Net has been prejudiced in any manner by the delay in notification.

The court turns first to plaintiff's contention regarding the jurisdictional aspect of the notification requirement. In Arbaugh v. Y & H Corp., a case cited by plaintiff and discussed by defendant in his reply, the Supreme Court recently considered whether Title VII's employee-numerosity requirement "affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief." 546 U.S. 500, 503 (2006). The Court acknowledged that the concepts of subject-matter jurisdiction and the merits of a claim for relief have at times been confused or conflated. Id.

In resolving whether employee numerosity is jurisdictional or relates to the merits of a Title VII claim, the Supreme Court emphasized the need to be mindful of the consequences of deeming a threshold requirement jurisdictional. Id. at 513-14. "First, 'subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived,'" and "courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. at 514 (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). With these and other principles of

subject matter jurisdiction in mind, the Court examined Title VII and determined that the statute's jurisdictional provision does not specify any threshold requirement. Id. at 515. The employee-numerosity requirement is set forth in a separate provision that defines terms used in Title VII but "'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" Id. at 504-05 & 515 (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982)).

The Court concluded that, although Congress could make an employee-numerosity requirement "jurisdictional," "[n]othing in the text of Title VII indicates that Congress intended courts, on their own motion, to assure that the employee-numerosity requirement is met." Id. at 514-15.

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character. Applying that readily administrable bright line to this case, we hold that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional one.

Id. at 515 (citation omitted).

Here, the notification requirement at issue consists of a phrase inserted in a jurisdictional provision that, absent the phrase, reads as follows: "If the amount in controversy is $1,000 or more, the individual or organization shall . . . be entitled to judicial review of the Secretary's final decision as provided in section 405(g) of [Title 42]." 42 U.S.C. § 1395w-22(g)(5). The inserted phrase "upon notifying the other party" gives no indication of how notification is to be made by the individual or organization seeking judicial review, and the phrase is, at best, ambiguous as to when notification is to be made. Nothing in the text indicates that Congress intended district courts, on their own motion, to assure that notification occurred, and defendant has provided no legislative history or other evidence of such an intent. If Congress had such an intent, it failed to provide the district courts with any guidance as to whether

8

notification must occur prior to filing a complaint in the district court, at the time of filing the complaint, when the complaint is served on the Secretary, or simply at any time prior to the court's review of the Secretary's final decision on the merits.  In the absence of a clear statement by Congress that the notification requirement is jurisdictional, the court finds that the restriction should be treated as nonjurisdictional in character.

If the notification requirement is viewed as an element of plaintiff's claim for relief, defendant's argument concerning the requirement is tantamount to a motion to dismiss for failure to state a claim.  Against such a motion, plaintiff's arguments of estoppel, cure, and lack of prejudice are relevant.  Plaintiff, who was not represented by counsel at any stage of the administrative proceedings or at the commencement of this action, received from the Secretary a final decision that contains extensive information and advice regarding judicial review but fails to mention the notification requirement.  The decision advises plaintiff that court review is available if the amount in controversy is $1,090 or more, that there is a 60-day time limit for filing a complaint in the district court, and that the MAC is able to extend the time to file a civil action where a good reason is provided. (Tr. at 1-2.)  The decision provides detailed advisements concerning the caption of any complaint filed in the district court and the means by which the Secretary and the United States Attorney are to be served with the complaint:

> If a civil action is commenced, the complaint should name the Secretary of Health and Human Services as the defendant and should include the HIC number and ALJ appeal number shown at the top of this notice.  The Secretary must be served by sending a copy of the summons and complaint by registered or certified mail to the General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, D.C. 20201.  In addition, you must serve the United States Attorney for the district in which you file your complaint and the Attorney General of the United States. *See* rules 4(c) and (i) of the Federal Rules of Civil Procedure and 45 C.F.R. § 4.1.

(Id. at 2.)  Ironically, the decision concludes with the notation "cc: Health Net / Health Net Seniority Plus" but fails to advise plaintiff to notify either her health plan or her HMO of a decision to seek judicial review. (Id. at 1-2.)

The court's records reflect that the pro se plaintiff filed a complaint in the proper court within 60 days after the date of the Secretary's decision. The complaint names the Secretary of Health and Human Services as the defendant, and the caption includes the HIC and ALJ appeal numbers. Thus, plaintiff complied with all instructions set forth in the Secretary's final decision. The court notes that defendant's answer to the pro se complaint did not allege lack of subject matter jurisdiction based on failure to notify plaintiff's HMO or health plan. Defendant has not asserted any harm to the Secretary's interests or to the interests of Health Net arising from plaintiff's lack of notification prior to March 2007. There has been no judicial review of the Secretary's final decision to date, and Health Net, having been notified of this action by plaintiff's counsel, has neither objected to the timing of plaintiff's notice nor joined in this action.

In sum, the court finds that the notification requirement is not jurisdictional, that any deficiency with respect to notification should be excused because plaintiff was proceeding pro se and complied in good faith with the advice and instructions in the Secretary's final decision, that any defect in notification was cured by counsel's notification in March 2007, and that there has been no prejudice to defendant or to plaintiff's health plan. Defendant's motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim based on delayed notification is therefore denied.

II. <u>Amount-in-Controversy Requirement</u>

Defendant's argument concerning the amount in controversy also arises from the language of 42 U.S.C. § 1395w-22(g). Defendant argues that subject matter jurisdiction is lacking because plaintiff has failed to establish that her claim meets the statutory amount-in-controversy threshold of $1,090.

The statutory provision, which has been set forth in full <u>supra</u>, begins with the amount-in-controversy requirement: "If the amount in controversy is $1,000 or more, the individual or organization shall . . . be entitled to judicial review." 42 U.S.C. § 1395w-22(g)(5)

(emphasis added).[2] Courts have long held that Medicare claimants "have no statutory right to judicial review unless the amount in controversy is more than one thousand dollars." Mitchell v. Occidental Ins., Medicare, 619 F.2d 28, 30 (9th Cir. 1980). See Rubin v. Weinberger, 524 F.2d 497, 499 (7th Cir. 1975) (affirming district court's dismissal of Medicare claim for lack of jurisdiction where amount remaining in controversy after the ALJ allowed additional benefits was less than $1,000); Schwartz v. Medicare, 832 F. Supp. 782, 790 (D.N.J. 1993) ("When a Medicare plaintiff is unable to meet the statutorily-prescribed jurisdictional amount, jurisdiction is lacking and dismissal is appropriate."); McMahon v. Califano, 476 F. Supp. 978, 981 (D.C. Mass. 1979) (jurisdiction did not lie under the Medicare Act because plaintiff failed to satisfy jurisdictional amount).

The Arbaugh analysis does not require a different conclusion. In that case, the Court contrasted Title VII's employee-numerosity requirement with amount-in-controversy requirements, commenting that "Congress could make the employee-numerosity requirement 'jurisdictional,' just as it has made an amount-in-controversy threshold an ingredient of subject-matter jurisdiction in delineating diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332." 546 U.S. at 514-15. See also id. at 515 n.11 (listing factors used by Congress to restrict subject-matter jurisdiction of district courts, including statutes that "confer subject-matter jurisdiction only . . . for actions in which the amount in controversy exceeds . . . or falls below . . . a stated amount"). In 42 U.S.C. § 1395w-22(g)(5), Congress made a clear statement that the amount-in-controversy requirement is a limit on the district court's subject matter jurisdiction. Accordingly, plaintiff is not entitled to judicial review of the Secretary's final decision unless the amount in controversy is at least $1,090.

/////

---

[2] The Secretary is authorized to adjust the amount annually. 42 C.F.R. § 422.612(a)(2). At the time of the Secretary's final decision in this case, the threshold amount was $1,090. (Tr. at 1-2.)

1           Plaintiff's original pro se complaint contains no allegation regarding the amount
2  in controversy:
3           RE:  Coverage of Eva[l]uation for Oral Surgery[.]  Had appealed to
             the Administrative Law Judge (ALJ) after being denied medical
4            coverage by my HMO (Health Net Seniority Plus).  After a hearing
             with the ALJ, was also denied coverage.  Requested the Medicare
5            Appeals Council to review the unfavorable decision by the ALJ.
             They declined to review the case."
6
7  (Pl.'s Compl. filed Apr. 14, 2006, at 1.)  Defendant's answer to that complaint raised the
8  affirmative defense that subject matter jurisdiction is lacking because plaintiff does not meet the
9  amount-in-controversy requirement of 42 U.S.C. § 405(g). (Def.'s Answer filed Oct. 13, 2006, at
10 2.)  Despite having been put on notice of defendant's jurisdictional assertion, plaintiff's amended
11 complaint neither alleges an amount in controversy nor alleges generally that the amount-in-
12 controversy requirement has been met.  (Pl.'s Am. Compl. filed Dec. 13, 2006.)
13          In opposition to defendant's motion, plaintiff contends that "[d]efendant
14 challenges Plaintiff's allegation that $1,090 or more is in controversy" and argues that her good
15 faith allegation should be accorded deference pursuant to St. Paul Mercury Indem. Co. v. Red
16 Cap Co., 303 U.S. 283 (1938).  (Pl.'s Opp'n at 6-7.)  Because neither of plaintiff's pleadings
17 contains any allegation regarding the amount in controversy, these arguments lack a factual basis,
18 and plaintiff's reliance on the decision in St. Paul Mercury is misplaced.
19          Plaintiff contends that a determinate amount of damages cannot be alleged
20 because the oral surgery evaluation she requested is only the prerequisite for actual treatment,
21 which will far exceed $1,090 in cost.  Plaintiff points to Dr. Sharma's letter in 2004
22 recommending a course of treatment involving two phases that would have cost in excess of
23 $8,850 for the services of Dr. Sharma alone.  (See tr. at 42.)  Plaintiff contends that the cost of
24 the oral surgery evaluation now sought should not be considered separately from the entire
25 course of anticipated treatment because denial of the evaluation will prevent plaintiff from
26 proceeding to the next step and obtaining the needed treatment.

1       Plaintiff's view of the amount in controversy requires the court to decide whether
2 plaintiff presented the Secretary with a claim for oral surgery evaluation and the entire course of
3 treatment that would ensue from the evaluation.  Such a determination is required because the
4 court's authority to review the Secretary's denial of benefits is limited to claims on which
5 plaintiff exhausted administrative remedies.  See 42 U.S.C. § 1395w-22(g)(5) (requiring a final
6 agency decision in advance of judicial review); 42 U.S.C. § 405(g) (same); Kaiser, 347 F.3d at
7 1116 (affirming the district court's dismissal of unexhausted Medicare claims for lack of
8 jurisdiction).

9       At the hearing of defendant's motion, the court expressed concern about this
10 issue, and the parties addressed the matter in their supplemental briefing.  After considering the
11 parties' arguments, the administrative record, and plaintiff's pleadings, the court finds that the
12 claim exhausted by plaintiff, and therefore the claim that governs the amount in controversy in
13 this case, is plaintiff's request for an evaluation by an oral surgeon.

14       Turning first to the ALJ's decision, which is the Secretary's final decision, the
15 court observes that the challenged decision commences as follows:

> This case is properly before the undersigned Administrative Law
> Judge pursuant to a timely request for hearing filed by the appellant
> . . . after an unfavorable determination was made by the Qualified
> Independent Organization MAXIMUS CHDR, on August 25,
> 2005.  The appellant's <u>request for an oral surgery evaluation</u> was
> denied initially and upon reconsideration by the respondent Health
> Net/ Health Net Seniority Plus (Health Net).

20 (Tr. at 5 (emphasis added).)

21       The unfavorable determination cited by the ALJ includes the following
22 explanation of the decision:

> Our decision is that Health Net does not have to pay for <u>dental
> services</u>.
>
> <u>You asked the plan to pay for dental services; specifically, you
> asked for an oral surgery evaluation.</u>  In your letter, you said that
> surgery is required in order for you to wear dentures.  The rules say
> that Medicare generally does not pay for <u>dental services</u>.  It does

        not pay for <u>the services you request</u>.  The plan does not provide
        <u>dental services</u> as a supplemental benefit.  <u>The services you request</u>
        are not covered by Medicare or the plan.  Because neither Medicare
        nor the plan pays for them, the plan does not have to pay for <u>the</u>
        <u>dental services you request</u>.

(Tr. at 58 (emphasis added).)

        The CHDR's decision establishes that plaintiff's request for an oral surgery evaluation, singular, is commonly referred to as "dental services," plural.  Such plural references are seen throughout the ALJ's decision.  In a section titled "Issues," the ALJ notes plaintiff's contention that her health plan "should pay for <u>the services requested</u>" and presents the specific issue on appeal in broad, plural terms:  "Whether the respondent must pay for <u>the medical services and/or supplies at issue requested by the appellant/beneficiary</u>, i.e., whether the services and/or supplies requested by the appellant/beneficiary are a covered benefit."  (Tr. at 6 (emphasis added).)  Under the heading "Facts of the Case," the ALJ notes that plaintiff "has <u>requested an oral surgery evaluation before an oral surgeon</u>" and describes the purpose of and need for the evaluation in detail.  (Tr. at 6-7 (emphasis added).)  The ALJ begins her analysis by stating that "[t]he beneficiary's need for <u>this oral surgery evaluation</u> is well documented in the record."  (Tr. at 7 (emphasis added).)  Despite frequent references to "the services requested," there is no indication that the word refers to any service other than the oral surgery evaluation requested by plaintiff.  (<u>See</u> tr. at 7-8.)

        The ALJ's findings include the following:

        3. The appellant has <u>requested payment by Health Net for an oral surgery evaluation before an oral surgeon</u>, the purpose of which is <u>to evaluate her for a procedure</u> that would build up tissue to enable her to wear dentures.

        4. The testimony and allegations of Lily Froehlich and Vincent Froehlich are credible to the extent that they reflect the beneficiary's need for <u>the oral surgery evaluation</u>, but not credible as to whether Medicare covers <u>the services requested</u>.

        5. Medicare does not provide coverage of <u>dental services</u>.

/////

      6. Health Net/Health Net Seniority Plus does not provide coverage of <u>dental services</u>.

      7. The <u>requested service is a dental service</u>.

      8. The <u>requested service</u> does not meet any exception to the general rule that <u>dental services</u> are not a covered benefit.

      9. The <u>requested oral surgery evaluation</u> is excluded from Medicare coverage.

      10. The respondent, Health Net, is not required to authorize payment for <u>the requested services</u>.

(Tr. at 8-9 (emphasis added).)  The ALJ's final decision is stated as follows:

> It is the decision of the Administrative Law Judge that <u>the services requested</u> by the appellant, Lily Froehlich, are excluded from Medicare coverage under Section 1862 of the Social Security Act and, therefore, the respondent, Health Net/Health Net Seniority Plus, is not obligated to pay for <u>these services</u>, in accordance with the foregoing findings of fact and conclusions of law.

(Tr. at 9 (emphasis added).)

      Despite the presence in the record of a slightly confusing use of plural terms to refer to a single oral surgery evaluation requested by plaintiff, the court finds that the claim exhausted by plaintiff does not extend beyond her request for the oral surgery evaluation. Plaintiff's own pleadings are consistent with this conclusion. In her original pro se complaint, plaintiff alleged that her case concerns "Coverage of Eva[l]uation for Oral Surgery." (Pl.'s Compl. at 1.) In her amended complaint, plaintiff alleges that her doctor referred her to an oral surgeon to be evaluated (¶ 6), that her health plan "denied coverage for the referral" (¶ 7), that CHDR issued an unfavorable decision "again denying the oral surgery evaluation" (¶ 9), that the ALJ found that although "the procedure sought was medically necessary, it constituted a 'dental' service (¶ 11), and that post-hearing evidence showed that "the requested procedure involved evaluation for jaw or facial surgery" (¶ 16(c)). (Pl.'s Am. Compl.) Plaintiff's prayer for relief includes a request that "the decision of the Secretary denying Medicare coverage for the oral surgery evaluation be reversed and coverage for the service be provided." (<u>Id.</u> at 3-4.)

1       Plaintiff, as the party asserting jurisdiction, has not carried her burden of proof. The record contains no evidence regarding the cost of the requested evaluation for oral surgery as of the date of the Secretary's final decision on February 23, 2006, and plaintiff has not suggested that the cost can be ascertained or that, if ascertained, the cost would have been $1,090 or more. The court finds that subject matter jurisdiction is lacking because plaintiff has failed to establish that her claim meets the statutory amount-in-controversy threshold of $1,090. In the absence of any indication that plaintiff can amend her complaint to cure the deficiency, further amendment would be futile. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's February 12, 2007 motion to dismiss for lack of jurisdiction is granted; and

2. This action is dismissed for lack of subject matter jurisdiction.

DATED: June 11, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/froehlich0810.ord.mtd